UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOLMES                                          CIVIL ACTION

VERSUS                                          NO: 13-5123

STATE FARM MUTUAL AUTOMOBILE                    SECTION: **"J"** (3)
INS. CO., ET AL


**ORDER & REASONS**

Before the Court is Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Jeffrey Jones ("Jones"), and Bianca Mason ("Mason") (collectively, "State Farm Defendants")'s **Motion for Summary Judgment (Rec. Doc. 27)**, Plaintiff Megan Holmes ("Holmes")'s opposition (Rec. Doc. 28), GEICO Casualty Company ("GEICO") and Gabriel Sade Dennis ("Dennis") (collectively, "GEICO Defendants")'s opposition (Rec. Doc. 29), and the State Farm Defendants' reply (Rec. Doc. 38). The motion was set for hearing on April 9, 2014, on the briefs. Following the Court's preliminary review of the pleadings and subsequent determination that the Court lacked subject matter jurisdiction, it ordered supplemental briefing from the parties on that issue. (Rec. Doc. 30) Therefore, also before the Court is Holmes's and

the State Farm Defendants' supplemental memoranda (Rec. Docs. 34 & 39).[1] Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the cases to which the parties cite are unhelpful because they are factually distinguishable from the instant matter and negligence cases rely on an intense factual analysis that does not lend to resolution by summary judgment. This is especially true when, as is the case here, the motion is only supported by a single affidavit from the defendant herself and no significant discovery has been completed. See Powers v. Tony's Auto Repair, Inc., 98-1626 (La. App. 4 Cir. 4/28/99), 733 So. 2d 1215, 1216 writ denied, 99-1552 (La. 7/2/99), 747 So. 2d 28. Therefore, because the resolution of this issue requires intense factual analysis, and because such facts simply are not present at this time, the Court must deny the motion. The parties may re-urge such a motion at a later time in litigation.

Accordingly,

**IT IS ORDERED** that the State Farm Defendants' **Motion for Summary Judgment (Rec. Doc. 27)** is **DENIED**.

---

[1] Though Holmes' original complaint stated that Mason and Holmes were both citizens of Illinois, thus making it appear that diversity jurisdiction did not exist, Holmes amended her Complaint to show that Mason is in fact a citizen of Louisiana after the Court ordered supplemental briefing on this issue. Based on this amendment, and the parties assertions in their supplemental briefing, the Court is satisfied that complete diversity exists in this case.

New Orleans, Louisiana, this 28th day of April. 2014.

                                                  _____
                                                  CARL J. BARBIER
                                                  UNITED STATES DISTRICT JUDGE